First case this morning is 4-16-0385, People of the State of Illinois v. Gary G. Hammons. For the appellant, Ms. Jessica Fangman and Appellee Luke McNeil. Ms. Fangman. May it please the Court, Counsel, I am Jessica Fangman with the Office of the State Appellate Defender and I represent Mr. Gary Hammons. Two probation conditions imposed against Mr. Hammons are both unreasonable under Illinois law and unconstitutional. First, the probation condition forbidding Mr. Hammons from associating with anyone who has a drug conviction is unreasonable and unconstitutional because it lacks a knowing requirement and it lacks an exception for legitimate purposes. Second, the probation condition requiring Mr. Hammons to submit to warrantless searches is unreasonable and unconstitutional because it lacks a reasonable suspicion requirement. Both probation conditions, as written, are unfair, overly broad, and need a reasonable limitation. Turning to my first point, the condition that prohibits Mr. Hammons from associating with anyone who has a drug conviction  Yes, Judge, in our opinion it would include a relative because the scope of the condition is so broad such that it encompasses anyone who has a drug conviction. The condition is overbroad and unreasonable because it lacks that exception for a legitimate purpose. For example, Mr. Hammons would be unable to, under the condition as written, attend a substance abuse group because it's most likely that attendance at that group, another attendee, would have a substance abuse conviction. So the court's purpose in imposing the condition was to prohibit or prevent Mr. Hammons from using drugs. But the condition as it's written is overbroad to the extent that it would prohibit him from doing some of those things that would allow him to rehabilitate himself. Moreover, Your Honors, the condition could also possibly prohibit Mr. Hammons from obtaining lawful employment. Under Mr. Hammons' probation conditions, he's also lawfully required to obtain employment. However, if Mr. Hammons were to obtain a job at a location where someone had a drug conviction, he would run the risk of violating one condition in an effort to comply with another. Isn't there a condition within his probation order that allows him to make a request to the probation officer for some modification? While he may be allowed to make that request and that condition is in the probation conditions, the condition still is overbroad because it specifically does not provide for legitimate exceptions. The lack of an exception renders the condition overbroad. As the Illinois First District Court held in Henry Omar F., the court in that case found that a probation condition is overbroad when there is no means by which the probationer may obtain an exception for legitimate purposes. And the Illinois Supreme Court in Henry J.W. also held that a probation condition restricting a fundamental right must be narrowly tailored so as not to be overbroad. J.W. barred a 12-year-old from living in Elgin or being in Elgin. That's a significantly different condition than telling this defendant that he cannot associate. You seem to imply that associate means no contact whatsoever. Associate means something different to me. I think that the difference between association and contact is minimal at best. And I'd also like to point out that the First District Court in Henry Omar F., when describing the contact probation condition, actually referred to it as an association condition. And they said the no gang contact probation was a valid condition of probation because it was reasonably related to the respondent's rehabilitation. Correct, Judge. That's why the condition was reasonable. The language they found to be overbroad was that the respondent was ordered to stay away from or have no contact with gangs and to clear and not appear in any social media posts with gang members. Those were the parts which they considered to be inappropriate. They didn't consider the no gang contact provision invalid at all. Sure, Judge, and I understand that. And our position is that the condition as written is overbroad. And so, for example, while courts must impose certain mandatory probation conditions, there are certain discretionary probation conditions. And in fact, there is a probation condition, a discretionary condition courts may choose to impose, which can prohibit the probationer from associating with drug users and drug dealers. In this case, the court required Mr. Hammons not to associate with anyone who's convicted of a drug offense. Under the condition as written, that means that Mr. Hammons can associate with drug users and drug dealers so long as they don't have a conviction. That's where the problem with the condition lies. How is it that the probation department monitors this contact or lack thereof? Isn't it based on his maintaining a log of the people that are at his house? Yes, Your Honor. So doesn't that seem to set forth a framework by which they're determining what constitutes association? People who are coming to his house, not somebody who's standing next to a bus stop, but people who are coming to his house, that they want to be able to monitor who it is that he brings into his home. Respectfully, Your Honor. Does that seem to be reasonable? Respectfully, Your Honor, I disagree that that's what the condition prohibits. The way that Mr. Hammons is reading the condition is to its broadest point. So our position is that the requirement that he keep a log is one method of enforcement, where the oral pronouncement does control pursuant to People v. Smith. And in that oral pronouncement, the judge makes very clear that he is not to associate with anyone who has a drug conviction. And to enforce the requirement, he's required to keep a log. But that enforcement language still does not limit the nature of the condition, and it's over breadth. The condition is also unreasonable because it lacks a knowing requirement. Under the condition as written, Mr. Hammons doesn't even need to know that the person he's associating with has a drug conviction for him to violate the condition. The condition is that restricting Mr. Hammons from associating with anyone who has a drug conviction is unreasonable because of its over breadth, because of its lack of the legitimate exception, because of its lack of a knowing requirement, and it also defeats the purpose of probation because it prohibits Mr. Hammons possibly from attending a substance abuse group where other people there have drug convictions. And the purpose of probation is to restore the probationer to useful citizenship. And it's clear that the court thought that Mr. Hammons had a drug problem, and we're not contesting that the underlying basis of the condition is proper. Our position is that it needs to be narrowed and that Mr. Hammons needs more guidance so that when he's attempting to comply with his terms of probation... ...it allows him to go back to the probation officer and request clarification, modification. I still think that, we still think that even if the probation order allows him to go and request that, request some type of exception, the condition itself does not provide for that exception. And without that exception in the condition, it is overly broad. And this court is in a unique position to remand the case back to the circuit court to clarify this condition so that Mr. Hammons can abide by it and be restored to useful citizenship after his probation sentence. Is this a poorly negotiated plea? No, it was not, Judge. It was a blind plea. Your Honor, excuse me. How do you overcome the forfeiture? Yes, Your Honor. The court in Henry Omar F. found that the case fell under second-pronged plain error and that the interests of justice were compromised. Because the condition was so broad that the probationer in that case, Omar F., could violate it when he was conducting himself in a constitutionally protected manner. So just like in Omar F., in this case, Mr. Hammons can violate the condition while acting in a constitutionally protected manner. That then falls under second-pronged plain error. Do you concede there is no first-pronged plain error? We did not argue that in our brief, Your Honor. So for candor in the court, I want to be clear that we did not make that argument in the brief. However, I would submit to the court that at the sentencing hearing, there was no evidence, that evidence was at best closely balanced, that there was a drug problem in Mr. Hammons' case. The probation condition restricting Mr. Hammons from associating with anyone who has a drug conviction is unreasonable under Illinois law and unconstitutional because it's overbroad, lacks a legitimate exception and a knowing requirement, and is unfair. It needs to be tailored so that it passes constitutional muster, is reasonable, and provides guidance to Mr. Hammons. Turning to my second point, Mr. Hammons was also required to submit to warrantless searches. The condition is unreasonable because it's lacking a reasonable suspicion requirement. Under the condition as written, Mr. Hammons is subject to a search of his person, place, home, or things at any time, at any place, for any reason. Under the condition as written, Mr. Hammons could be subjected to a search every single day. And while that may be an extreme example, it still is possible under the condition as written. Isn't there case law that says the search has to be reasonable? There is, Judge, case law that says, yes, that the search has to be reasonable. And that's the case that... Well, maybe I didn't say it correctly. Based upon reasonable suspicion of some criminal activity or violation of the probation condition. Yes, Judge, we are asking that that reasonable suspicion be added to the probation condition because as the probation condition is written, it does not require reasonable suspicion. Well, but my question is, doesn't the case law require that? I would argue, yes, that the case law does require reasonable suspicion. Does the state dispute that? The state does not dispute that reasonable suspicion is required. Okay, then I don't see your problem here. The problem is, is possibly if a search were to occur and there was no reasonable suspicion, Mr. Hammond's rights would already be violated, whereas we're trying to deal with this on the front end. So we're trying to prevent any constitutional violation before a bad search. And I don't believe that there's any law that indicates that Mr. Hammond's must suffer a constitutional violation before he can bring the issue to this court. I think that this court is in, like I said, a unique position to remand the case to the circuit court to narrow that language so that Mr. Hammond can abide by it and so that his constitutional rights are protected. It's also important to note that the United States Supreme Court in Griffin v. Wisconsin found that a probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be reasonable. When interpreting the Griffin v. Wisconsin and the United States v. Knight's cases, the court in People v. Lampetock found that a probation condition search, a search based on a possible probation violation, was unconstitutional because it lacked that reasonable suspicion requirement. Now in that case, the search had already happened, and that's the distinction that the state makes in this case. But Mr. Hammond stands on his argument that he does not need to wait for his constitutional rights to be violated before he can bring them to the court's attention in an effort to preserve those rights. The Illinois Supreme Court in People v. Lampetock held that a warrantless search of a probationer must have reasonable suspicion. So the court found that because the search in that case lacked reasonable suspicion, it was unconstitutional. Lampetock did the search of the person who was in the probationer's apartment, not the probationer himself. Right, correct. That is correct. However, the court did still hold that the search of a probationer's residence must be reasonable. And it struck that the search and the fruits of that search because of... I guess I go back to Justice Turner's question. So we all agree that that's what the standard is. We agree. The state even agreed. Sure, we agree that that's what the standard is, but we're still asking the court to clarify in the condition so that it's clear to the probation officer enforcing the condition. Because under the condition as written, there is no reasonable suspicion limitation in that condition. So we're assuming the probation officer is going to violate the law, violate your client's constitutional rights, and we have to do something prospectively to prevent that. I thought that's kind of backwards from the way the whole process works. If someone does, in fact, violate his constitutional rights, then we do something to deal with that. Well, Your Honor, yes, that is one way that the court can deal with it, but I don't believe that... Well, how many times do we do it otherwise? I don't have a number for Your Honor, but I do think it's... Do you have any? I do not, no. I do think it's possible, though, that Mr. Hammonds can bring this issue to the court's attention prior to him suffering a constitutional violation. And I also think it's important to note that the court in People v. Lampetock specifically rejected the state's argument that a reasonableness requirement should be read into the condition. The court said in Lampetock that just because it's assumed that conditions are reasonable or should be reasonable does not mean that the reasonableness can be read into that specific condition. That's why the court in Lampetock specifically declined to agree with the state on that point. And I think that the court's in Lampetock's refusal to find that reasonable suspicion is read into the condition answers the court's question of why it's necessary. Because I don't want to assume that a probation officer is going to violate the law, but on the same time I want to make sure that Mr. Hammonds' constitutional rights are protected. The condition is unreasonable and unconstitutional because it lacks a reasonable suspicion requirement. If there are no further questions, Mr. Hammonds... I have another question. Let's go back to forfeiture again. Which prong of plain error are you relying upon on this second issue regarding the Fourth Amendment? It would be the second prong of plain error. Second prong. Yes. And again, you're not asserting the first prong of plain error. Right. We did not assert that in the brief. No, Judge. No, Your Honor. Mr. Hammonds respectfully requests that the court either strike the conditions or remand the case to the circuit court for impositions of conditionally palatable probation conditions. Thank you. Thank you, Counselor. Mr. McNeil. May it please the Court, Counsel, since Lempitoke is fresh in our minds, I want to talk about, clarify a bit the safe position. Lempitoke and Griffin and Knights all dealt with actual searches, but more importantly dealt with searches that there was no consent. In Lempitoke, there couldn't be consent because the probationer wasn't even there at the search. Here, and I'm submitting in Lempitoke as well, it's not an invalid probationary condition for there to be a requirement to submit to warrantless searches. In Lempitoke, the court said it's reasonable to conclude that submit was used primarily, similarly in the search condition, that upon the request of the probation officer, probationer would either have to agree to permit the search or face possible probation revocation. These probation conditions were mandatory limits upon the liberty of the probationer. However, their mandatory nature did not remove the element of choice from the probationer's life. In other words, probationer here has a choice also. She can or he can consent to a search or face possible probation violation and revocation of that probation. That's what Lempitoke implicitly holds, and of course it held that that search itself was a violation because the probationer was not even there to give consent at the time of the search. But at any rate, the Lempitoke holding is no support for defendant's position here, and in fact there is no authority cited, and I could not find any authority that just holds that a probationary condition such as this and the one in Lempitoke is invalid or unconstitutional on its face. Back to forfeiture, this argument is clearly forfeited. In fact, forfeiture is very important in this case because we don't even, there's no indication or suggestion that defendant had any problem with any of these probation conditions at all. He didn't seek any clarification at the sentencing hearing. He didn't raise this issue in any post-sentencing motion. And finally, he didn't go through the procedural process of Section 564F, which provides that the conditions of probations can be modified at the request of the offender after a notice and a hearing. There's nothing in this case, and I don't think it's the trial court's obligation, to have to go through every possible hypothetical that a defendant might have for having trouble to comply with any probationary condition. Are you saying these conditions are not subject to plain error review? They are if there was an abusive discretion or an arguable abusive discretion for the trial court in imposing the probation conditions. As I will explain here, both of these probation conditions are fairly common, and as for the first one, almost echoes verbatim statutory language. The first one is the no-contact provision. Specifically, the trial court ordered the defendant, quote, shall not associate with any person who has a misdemeanor or felony drug conviction, and to enforce that requirement, he shall keep a record of all visitors to his home and provide that record to his probation officer. Section 563B15 lays out a specific reasonable statutory probation condition as follows, refrain from having any contact directly or indirectly with certain specified persons or particular types of persons, including but not limited to members of street gangs or drug users and dealers. I know that the trial court did not use the term drug users or dealers. However, they did use the group, people with prior drug convictions. Common sense dictates that those two groups significantly overlap, and of course, Section B15 specifically states that this list is not an exhaustive list.  However, it should be noted, drugs are one of the focuses of Section B15 and is one of the focuses of the trial court's probation condition here, as for the specific group that the defendant is prohibited to associate with. I would arguably counsel that the condition that the court imposed is less restrictive. If we, especially when you look at the written order with the spoken order, clearly the compliance with this is satisfied when the defendant keeps a record of who visits his home and provides that record to his probation officer. In fact, that's the only requirement listed in the written order, but even taking the spoken order with it, it's clear that the defendant satisfies this probation condition by keeping people with prior drug convictions out of his home. That's also how this case is distinguished from OMRF, but I would caution this court to follow the logic in OMRF personally and the state's position. That case, the trial court imposed a probation condition that defendants stay away and have no contact with gangs. As I just quoted from Section B15, street gangs are a specific group listed in that statute. This was the juvenile, so it was the juvenile analog, but the language of that statutory condition was exactly the same in OMRF. The court found that this was still unreasonable because the condition, quote, did not contain a means by which the respondent could obtain an exception from the restrictions for legitimate purposes. However, I just talked about Section 564F. That provides that the conditions of probation can be modified by the court at the request of the offender after notice in a hearing. OMRF, just like the defendant here, had that procedural process at his disposal and did not use it. I would argue that just that was another forfeiture case and they found plain error in OMRF. However, assuming and realizing that his probation condition was pretty closely verbatim to a statutory probation condition and a defendant raising no objection to that, I would caution this court in finding plain error as the OMRF court did. That being said, OMRF is clearly distinguishable from this case for the very reason we already talked about. Enforcement in compliance with this no contact provision in this case is satisfied when the defendant keeps a record of all visitors to his home and provides that record to his probation officer. This prevents any of the parade of terribles or imagined hypotheticals of the defendant being at the coffee shop and accidentally talking to someone that unknowingly has a drug conviction or anything like that. Now, it's true that a plumber, whoever comes to the defendant's house, he arguably would be violating that probation condition if the plumber has a prior drug conviction. However, I don't think it's unconstitutionally, this is unconstitutional for inconveniencing the defendant enough to ensure that whoever comes over to his house does indeed have a clean drug record. And as Jameson, the second district pointed out, which I cited in my brief, if the defendant was confused as to what the trial court meant by no contact with a specific group, he could have inquired at his sentencing hearing. Again, that brings up why these forfeiture rules exist in the first place. We have nothing in the record that indicates the defendant had any problem with these probation conditions or had any problem complying with these probation conditions, and we can't base it on hypotheticals that may or may not happen in the future. The warrantless searches probation condition, which I already talked about, Lampetote supports the state's position here in that we're talking about submitting to or consenting to a warrantless search. Lampetote implicitly holds that that is the case. Again, Griffin-Knights, the U.S. Supreme Court cases that Lampetote relies upon, all of those cases involve actual searches. Here, if the probation officer comes and says he wants to search the defendant's house and the defendant refuses and he still searches, then Lampetote, Griffin, and Knights are all the help in the world to the defendant. That's not the case here. This is a valid probation condition, a common probation condition, and the trial court did not abuse its discretion in imposing either of these conditions on the defendant, especially when there was no objection or post-sentencing motion or procedural notice in hearing through Section 564F. I would ask this Court to enforce the forfeiture rules in this case. And if there are no more questions, thank the Court. Thank you, Mr. McNeil. Ms. Banger. In response to the state's argument that because Mr. Hammonds has consented to the terms of probation and the Lampetote issue of consent, I would like to point out that the Court in Lampetote noted that agreeing to the probation order did not constitute a prospective consent to all probation searches that waived Fourth Amendment protection. So by Mr. Hammonds consenting to the probation conditions, he did not prospectively consent to all Fourth Amendment searches. And while it is true that Mr. Hammonds is given an option between either complying with his probation conditions and allowing an unconstitutional search or abiding with his probation conditions and allowing, I'm sorry, or not allowing that search, he's subjecting himself to a violation of his probation revocation. I think it's unfair to force the defendant to choose between violating his probation and upholding his constitutional rights. The state also relies on the language in the statute that allows a court to prohibit a probationer from associating with drug users and drug dealers. I return to my point in opening argument in which I explained to the Court that it's possible that Mr. Hammonds, while associating with a drug user or dealer, does not violate the condition because that drug user or dealer does not have a conviction. So I think that the Court, in an effort to make a probation condition that would prohibit Mr. Hammonds from using drugs and things of that nature, just made a minor misstep and went just a tad bit too far. And what he really wanted to do was prohibit Mr. Hammonds from the contact as described in the statute, which is with drug users and dealers, not just anyone who has a drug conviction. I think it's very possible that someone with a drug conviction in their past has been rehabilitated and can therefore help Mr. Hammonds through his process of rehabilitation. If there are no further questions, I would ask the Court to strike the conditions or amend them to their constitutional.  Thank you.